COPY

FILED

2010 MAY 13   PM 1: 15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

1  Stuart M. Richter (CA 126231)
   Gregory S. Korman (CA 216931)
2  Rebecca F. Ganz (CA 265199)
   KATTEN MUCHIN ROSENMAN LLP
3  2029 Century Park East, Suite 2600
   Los Angeles, CA 90067-3012
4  Telephone:  310.788.4400
   Facsimile:  310.788.4471
5
   Attorneys for Defendant
6  BENEFICIAL CALIFORNIA, INC.,
   erroneously named as BENEFICIAL HSBC
7  GROUP

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                 RIVERSIDE DIVISION

11          ED  CV  10 - 00725   VAP   (OPx)

12  ANDREW L. SMITH AND JUDITH A. )   CASE NO.
    SMITH                         )
13                                )   NOTICE OF REMOVAL BY
              Plaintiffs,         )   DEFENDANT BENEFICIAL
14                                )   CALIFORNIA, INC.
    vs.                           )   ERRONEOUSLY NAMED AS
15                                )   BENEFICIAL HSBC GROUP
    BENEFICIAL HSBC GROUP (DOES 1-)   PURSUANT TO 28 U.S.C. §§ 1441(b)
16  20, Inclusive)                )   AND 1441(c)
                                  )
17            Defendants.         )   (FEDERAL QUESTION)
                                  )
18                                )
                                  )
19                                )
    ------------------------------)
20

21

22

23

24

25

26

27

28

                          NOTICE OF REMOVAL

31521520v1_240245-00213

1    Defendant Beneficial California, Inc., erroneously named as Beneficial HSBC

2  Group, ("Beneficial") pursuant to 28 U.S.C. §§ 1441(b) and 1441(c), hereby removes

3  to this Court the state court action described below that is currently pending in the

4  Superior Court of the State of California, Riverside County, under the caption and

5  case number, <u>Andrew L. Smith and Judith A. Smith v. Beneficial HSBC Group</u>, Case

6  No. RIC 10004427.  In support of this Notice, Beneficial states as follows:

7    1.    Plaintiffs Andrew L. Smith and Judith A. Smith ("Plaintiffs") filed this

8  action on March 9, 2010, in the Superior Court of the State of California, County of

9  Riverside, alleging three causes of action against Beneficial for: (1) Negligence; (2)

10  Violation of the Truth In Lending Act ("TILA") – 15 U.S.C. §§ 1601 *et seq.*; and (3)

11  Unfair Business Practices – Business & Professions Code § 17200 *et seq.*  A true and

12  correct copy of the Complaint and Notice of Pendency of Action that Beneficial

13  received by facsimile are attached hereto as Exhibit 1.  The Complaint was not served

14  on Beneficial.  True and correct copies of all documents in the state court file

15  specifically, the Complaint, Civil Case Cover Sheet, Notice of Assignment, Summons

16  and Notice of Pendency of Action are attached hereto as Exhibit 2.

17    2.    This action is a civil action over which this Court has original jurisdiction

18  under 28 U.S.C. §§ 1331 and 1441, without respect for the amount in controversy or

19  citizenship of the parties, and is one which may be removed to this Court pursuant to

20  the provisions of 28 U.S.C. § 1441(b) in that the action arises under federal law.

21  Specifically, the action arises under TILA, 15 U.S.C. §§ 1601 *et seq.* and 12 C.F.R.

22  226.1 *et seq.*, as Plaintiffs seek damages for Beneficial's alleged violation of these

23  federal statutes.

24    3.    Plaintiffs' state law claims are properly removable under this Court's

25  supplemental jurisdiction.  Such claims require the Court to determine whether

26  Beneficial engaged in wrongful conduct in connection with the origination and

27  servicing of a loan.  As such, these claims arise out of a common nucleus of operative

28  facts and would normally be tried in one action.  Considerations of judicial economy,

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

31521520v1_240245-00213

1   convenience, and fairness to litigants require that all such claims be tried in one

2   action. 28 U.S.C. § 1367; <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715,

3   726, 86 S.Ct. 1130, 1139 (1966).

4        4.     Alternatively, Plaintiffs' state law claims may properly be removed to

5   this Court pursuant to 28 U.S.C. § 1441(c) in that such claims have been joined with a

6   claim which would have been removable if sued upon alone, and, therefore, the entire

7   case may be removed.

8        5.     Beneficial first received a copy of the Complaint on April 9, 2010 by

9   facsimile.  The Complaint has not been properly served on Beneficial.  Therefore, the

10  time for filing this Notice of Removal has not expired.  Pursuant to 28 U.S.C. §

11  1446(b) and <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 354,

12  119 S. Ct. 1322, 1329 (1999) (removal period is triggered only when a defendant is

13  properly served and thus subject to the court's jurisdiction), this notice is timely filed

14  since service has not been properly effected on Beneficial.

15       6.     Beneficial has not filed an answer or other responsive pleading to

16  Plaintiffs' Complaint in this action in the Superior Court of the State of California,

17  Riverside County.

18       7.     Venue is proper here because the United State District Court for the

19  Central District of California, Riverside Division is the district embracing the place

20  where the state court action is pending (*i.e.* Riverside, California).

21       8.     As required by 28 U.S.C. § 1446(d), a copy of this Notice is being filed

22  contemporaneously with the Clerk of the Superior Court of the State of California,

23  Riverside County.

24  ///

25  ///

26  ///

27  ///

28  ///

3

NOTICE OF REMOVAL

1    WHEREFORE, Beneficial prays that the above action, now pending against it

2  in the Superior Court of the State of California for the County of Riverside, be

3  removed to this Court.

4                                    Respectfully submitted,

5  Dated: May 11, 2010                 **KATTEN MUCHIN ROSENMAN LLP**

6                                    Stuart M. Richter
                                     Gregory S. Korman
7                                    Rebecca F. Ganz

8                                    By: _____

9                                        Rebecca F. Ganz

10                                   Attorneys for Defendant
                                     BENEFICIAL CALIFORNIA, INC.,
11                                   erroneously named as BENEFICIAL HSBC
                                     GROUP
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

31521520v1_240245-00213

# EXHIBIT 1

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Pam Peterson | Andrew & Judith Smith |
| **COMPANY:** | **DATE:** |
| Housekey Financial Corporation | 04/9/10 |
| **FAX NUMBER:** | **TOTAL NO. OF PAGES INCLUDING COVER:** |
| (909) 397-3914 | 27 |
| **PHONE NUMBER:** | **SENDER'S REFERENCE NUMBER:** |
| (909) 397-3576 | Andrew & Judith Smith |
| **RE:** | **YOUR REFERENCE NUMBER:** |
| Andrew & Judith Smith | T/S: 74-35164-3 |
| 13003 Empty Saddle Ct. | |
| Corona, CA 92883 | |

X URGENT      ☐ FOR REVIEW      ☐ PLEASE COMMENT      ☐ PLEASE REPLY      ☐ PLEASE RECYCLE

NOTES/COMMENTS:

**ATTENTION PLEASE STOP THIS SALE!!!: AS YOU KNOW, A SUMMONS,**

**COMPLAINT, AND NOTICE OF PENDENCY OF ACTION (SIGNED BY**

**JUDGE) HAS BEEN FILED PROTECTING THIS PROPERTY THROUGH THE**

**DURATION OF THE LITIGATION.  SALE DATE IS 4/15/10.**

**CASE NO.:  RIC 10004427**

**A CONFORMED COPY IS ATTACHED.**

IF ANY QUESTIONS, PLEASE CALL 213 785-5365.  PLEASE CONFIRM THAT SALE

HAS BEEN STOPPED AT THIS NUMBER.

1  Andrew L. Smith & Judith A. Smith, In Pro Per
2  13003 Empty Saddle Court
   Corona, CA 92883
3  Telephone No.: (951) 532-3742

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 09 2010

R. Mc Elyea

5
6          SUPERIOR COURT OF THE STATE OF CALIFORNIA
7                   COUNTY OF RIVERSIDE

8  ANDREW L. SMITH AND              )   CASE NO.:  RIC 10004427
9  JUDITH A. SMITH                  )
        Plaintiffs,                 )
10                                  )   COMPLAINT FOR QUIET TITLE:
11                                  )   FIRST CAUSE OF ACTION:
                                    )   NEGLIGENCE; SECOND CAUSE
12                                  )   OF ACTION: VIOLATION OF
13                                  )   TRUTH IN LENDING ACT-15 U.S.C. §
                                    )   1601 ET SEQ.; THIRD CAUSE OF
14                                  )   ACTION: UNFAIR BUSINESS
        vs.                         )   PRACTICES-CALIFORNIA
15                                  )   BUSINESS & PROFESSIONS CODE
16                                  )   §17200
                                    )
17                                  )
   BENEFICIAL HSBC GROUP            )
18 (DOES 1 – 20, Inclusive)         )
        Defendant                   )   UNLIMITED JURISDICTION
19                                  )

22  COMES NOW, Plaintiffs ANDREW L. SMITH and JUDITH A. SMITH allege and complain as
23  follows:

            PRELIMINARY ALLEGATIONS
25  1. Plaintiffs are and all times mentioned herein was individuals who reside in the County of
26     Riverside, California.

27  2. Defendant Beneficial HSBC Group is and all times mentioned, is a corporation and has a
28     mailing address at 636 Grand Regency Blvd., 3rd Floor, Brandon, FL 33510.

COMPLAINT-1-

3.  Plaintiff is ignorant of the true names and capacities of Defendant sued herein as DOES 1 through 20, inclusive, and therefore sue the Defendant by such fictitious names.

4.  Plaintiff is informed and believes and therein alleges that at all times herein mentioned, each of the Defendants sued herein was the agent and employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment.

5.  The real property is located at 13003 Empty Saddle Ct., Corona, California 92883-6306.

**FIRST CAUSE OF ACTION**
**(NEGLIGENCE)**

6.  The amount of the loan for the real property located at 13003 Empty Saddle Ct., Corona, California 92883-6306 was $403,132.53 dated March 23, 2007.

7.  Beginning on or about March 16, 2010, Defendant wrongfully and unlawfully attempted to sell real property.

8.  Defendant negligently failed to perform a loan modification on behalf of Plaintiffs and have caused irreparable damages to Plaintiffs.

9.  As a result of Defendant's negligence, Plaintiffs attempted to save property in negotiations with Defendant. Plaintiffs were fraudulently taken advantage of in unfair business dealings with Defendant.

10. As an example of good faith and good cause, Plaintiffs have previously made payments to Defendant.

11. Plaintiffs are still the owners and thus entitled to possession of the property located at 13003 Empty Saddle Ct., Corona, CA 93551-6236. Attached here to as Exhibit "A" is the Grant Deed.

12. On March 23, 2007 a Deed of Trust was secured in the amount of $372,184.44 in order to purchase the real property. The Deed of Trust identifies the originating lender as Beneficial California Inc., Trustee as Stewart Title Guaranty, and the Beneficiary as Beneficial California Inc. Attached hereto as Exhibit "B" is the Deed of Trust.

13. On or about June 23, 2009, and a number of times since then, Plaintiffs have demanded that Defendants stop their wrongful conduct described above. Defendant has refused and still refuses to refrain from their wrongful conduct.

14. The Defendant's wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiffs. Plaintiffs would be without a home with no place to live.

COMPLAINT-2-

15. Plaintiff therefore seek a declaration that the title to the subject property is vested in Plaintiff alone and that the Defendant herein, and each of them, be declared to have no estate, right, title, or interest in the subject property and that said Defendant, and each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to Plaintiff herein.

16. Plaintiff is informed and believes and thereupon alleges that Defendant and each of them claim an interest in the property adverse to Plaintiff herein. However, the claim of said Defendant is any right whatsoever, and said Defendant has not legal or equitable right, claim, or interest in said property.

17. As a result of Defendant's wrongful conduct, Plaintiffs have been damaged in the amount of the loan.

## SECOND CAUSE OF ACTION
## (VIOLATION OF TRUTH IN LENDING ACT-15 U.S.C. §1601 ET SEQ.)

18. The loan transaction at issue is a consumer credit transaction subject to the provisions of TILA.

19. Defendant is a "creditors" as the term is defined by 15 U.S.C. §1602. The transaction between Plaintiffs and Defendant was a consumer loan transaction wherein the Defendant extended credit to the Plaintiffs and such credit was secured by an interest purportedly held by the Defendant in the property.

20. As a consumer credit transaction, the Defendant was required to provide the Plaintiffs mandatory truth-in-lending disclosure statements and notice of the borrower's right to rescind, specifying the date on which the three-day rescission period expires. If the lending institution fails to provide the rescission information, the borrower may rescind the loan within three years after it was consummated. 15 U.S.C. §1635 (a) and (f); 12 cfr &226.23(b) (5).

21. In the course of this transaction described herein, Defendant violated TILA in numerous ways, including, but not limited to:  failing to provide required disclosures clearly and conspicuously in writing; failing to timely deliver to Plaintiffs certain notices required by statute; placing terms prohibited by statute into the transaction; and failing to disclose all finance charge details and the annual percentage rate based upon properly calculated and disclosed finance charges and amounts financed.

22. Records from the transaction indicate that Defendant extended credit to the Plaintiffs without regard for his ability to pay, and even falsified relevant income and asset date at get the loan approved.  Plaintiffs are informed and believes that thereon alleges that Defendant has a pattern and practice of extending credit to consumers under high rate mortgages without regard to the consumers' repayment ability.

23. Because of these violations, Defendant is liable to Plaintiffs in the amount of twice the finance charge, and costs in accordance with 15 U.S.C. & 1640 (a). Plaintiffs are also entitled to: a loan modification or loan reinstatement of the loan transaction.

24. Expungement of any foreclosure instrument, including but not limited to any Notice of Default or Notice of Trustee's Sale, related to any credit reporting agency or credit reporting bureau relating to the transaction.

### THIRD CAUSE OF ACTION
### (UNFAIR BUSINESS PRACTICES-CALIFORNIA
### BUSINESS & PROFESSIONS CODE §17200)

25. Plaintiffs are informed and believes and thereon alleges that Defendant committed unlawful and unfair business practices, as defined by California business and professions code section 17200, by engaging in the unlawful, unfair, and business practices alleges herein.

WHEREFORE PLAINTIFF PRAYS for judgment against Defendant and each of them, as follows:

1. For an order compelling said Defendant, and each of them, to transfer legal title and possession of the subject property to Plaintiffs herein.

2. Reinstatement or Loan Modification of Loan to real property to Plaintiffs and/or damages in the sum of secured claim, plus damages in such further sums as may be sustained and as are ascertained before final judgment herein;

3. For a declaration and determination that Plaintiffs are the rightful holder of title to the property;

4. For an Order directing the county sheriff's department to refrain from executing any lockout order with respect to the real property;

5. For costs of suit herein incurred; and

6. For such other and further relief as this Court deems and finds just, and proper.

1    Dated: March ___9___, 2010

2

3                                          Respectfully Submitted,

4

5

6                                          Andrew L. Smith
                                           In Pro Per
7

8

9                                          Judith A. Smith
                                           In Pro Per
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT-5-

## VERIFICATION

We, Andrew L. Smith and Judith A. Smith, are the Plaintiff in the above-entitled action. I have
read the foregoing and know the contents thereof. The same is true of my knowledge, except as to
those matters which are therein alleged on information and belief, and as to those matters, I
believe it to be true.

We declare under penalty or perjury that the foregoing is true and correct and that this declaration
was executed at Los Angeles, California.

Dated: March  9  , 2010

Andrew L. Smith

Judith A. Smith

COMPLAINT-6-

F·om

04/09/2... 14:42      #537 P.008/022

# EXHIBIT A

From:                                                       04/09/20   14:42   #537 P.009/022

DOC # 2001-609985
12/07/2001 08:00A Fee:11.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Gary L. Orso
Assessor, County Clerk & Recorder

Recording Requested By:
**FIRST AMERICAN TITLE INSURANCE COMPANY**

When Recorded Mail To:
**LONESTAR MORTGAGE SERVICES, L.L.C.**
**P.O. BOX 9013**
**ADDISON, TEXAS 75001-9013**

Loan No.: 0012145694
TS No.: 20019053200110
ORDER NO.: 1009391-ES
A.P.N. NO.: 391-352-009-4      TPA 065-082
VA NO.: 77776-5018582

**GRANT DEED**

**THE UNDERSIGNED GRANTOR(S) DECLARE(S)**
Documentary Transfer Tax is $ N/A - GOVERNMENT AGENCY
____ computed on full value of property conveyed, or
____ computed on full value less value of liens or encumbrances remaining at the time of sale
__X__ unincorporated area    city of _____, AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**FIRST HORIZON HOME LOAN CORPORATION F/K/A FT MORTGAGE COMPANIES**

hereby GRANT(s) to   **THE SECRETARY OF VETERANS AFFAIRS, AN OFFICER OF THE UNITED STATES OF AMERICA, AND/OR HIS/HER SUCCESSORS AND/OR ASSIGNS**

the following described real property in the County of   **RIVERSIDE**   , State of California:
**SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN FOR ALL PURPOSES.**

Dated: 11-30-01

**FIRST HORIZON HOME LOAN CORPORATION F/K/A FT MORTGAGE COMPANIES**

Richard Minor   ASSISTANT VICE PRESIDENT

STATE OF TEXAS
COUNTY OF DALLAS
On 11-30-01 before me, Angela Woolston, personally appeared Richard Minor personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

ANGELA WOOLSTON
MY COMMISSION EXPIRES
SEPTEMBER 13, 2004

MAIL TAX STATEMENTS TO:   THE SECRETARY OF VETERANS AFFAIRS
ATTN: LOAN SERVICE & CLAIMS
3225 NORTH CENTRAL AVE.
PHOENIX ARIZONA 85012

VA GRANT DEED
LS30-12/97 (03-02)

F on:                                                04/09/2...  14:43      #537 P.010/022

A.P.N.: 391-352-009-4

## CONTINUATION OF GRANT DEED

IN WITNESS WHEREOF, Grantor, on the /9 day of _August_ 2003 has caused this instrument to be executed on Grantor's behalf by the undersigned employee being thereunto duly appointed, qualified and acting pursuant to title 38, United States Code, sections 512 and 3720 and title 38, Code of Federal Regulations, sections 36.4342 and 36.4520, pursuant thereto, as amended, and who is authorized to execute this instrument.

                                              The Secretary of Veterans Affairs

Signed and executed in presence of                By _____
                                              WILLIAM F. DALLMANN,
_Joanna Kuhl Langhoff_                        ACTING LOAN GUARANTY OFFICER

_Notary Public_                               VA Regional Office, San Diego, CA.
                                              Telephone: (619) 400-5340

                                              (Pursuant to a delegation of authority contained in VA
                                              Regulations, 38 CFR 36.4342 and 36.4520)

STATE OF CALIFORNIA          )
COUNTY OF SAN DIEGO          )SS
On _August 19, 2003_            before me,  JOANNA KUHL-LANGHOFF, A NOTARY PUBLIC
personally appeared  WILLIAM F. DALLMANN, ACTING LOAN GUARANTY OFFICER,
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity and that by his signature on the instrument the person or the entity upon behalf of which the person acted, executed the instrument.
WITNESS my hand and official seal.

Signature _Joanna Kuhl Langhoff_
          JOANNA KUHL-LANGHOFF

                                    [Notary Seal:
                                    JOANNA KUHL-LANGHOFF
                                    Commission # 1311777
                                    Notary Public - California
                                    San Diego County
                                    My Comm. Expires Jul 1, 2005]

                            This area for official notarial seal.

[barcode]  2003-433171
           08/05/2003 09:06H
           2 of 3

# EXHIBIT B

From:                                                          04/09/2⟨.⟩  14:43     #537  P.012/022

DOC # 2007-0207520
03/27/2007 08:00A Fee:33.00
Page 1 of 8
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

Recording Requested By

WHEN RECORDED MAIL TO

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
| | | | 9 | | | | | | |
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |

NAME  Records Processing Services
STREET ADDRESS  577 Lamont Road
CITY STATE  Elmhurst, IL 60126

C

(Page 1 of 8)

211725

## DEED OF TRUST

☐ If this box is checked, this Deed of Trust secures future advances.

THIS DEED OF TRUST is made this __23RD__ day of __MARCH__ __20 07__, among the Trustor
__ANDREW L. SMITH AND JUDY A. SMITH H/W/JIT__                                        whose
address is __13003 EMPTY SADDLE COURT, CORONA, CA 92883__
(herein "Borrower"), __STEWART TITLE GUARANTY__
(herein "Trustee") and the Beneficiary, __BENEFICIAL CALIFORNIA INC.__
a corporation organized and existing under the laws of __DELAWARE__                 whose address is
__440 MCKINLEY STREET, CORONA HILLS PLAZA #101, CORONA, CA 92879__
(herein "Lender").

The following paragraph preceded by a checked box is applicable.

☒ WHEREAS, Borrower is indebted to Lender in the principal sum of $ __372,184.44__, evidenced by
Borrower's Loan Agreement dated __MARCH 23, 2007__ and any extensions or renewals thereof
(including those pursuant to any Renegotiable Rate Agreement) (herein "Note"), providing for monthly installments
of principal and interest, including any adjustments to the amount of payments or the contract rate if that rate is
variable, with the balance of the indebtedness, if not sooner paid, due and payable on
__MARCH 23, 2047__ ;

☐ WHEREAS, Borrower is indebted to Lender in the principal sum of $ _____, or so much
thereof as may be advanced pursuant to Borrower's Revolving Loan Agreement dated _____
and extentions and renewals thereof (herein "Note"), providing for monthly installments, and interest at the rate and
under the terms specified in the Note, including any adjustments in the interest rate if that rate is variable, and
providing for a credit limit stated in the principal sum above and an initial advance of $ _____ ;

TO SECURE to Lender the repayment of the indebtedness, including future advances, evidenced by the Note,
with interest thereon at the applicable contract rate (including any adjustments to the amount of payment or the
contract rate if that rate is variable) and other charges; the payment of all other sums, with interest thereon, advance in
accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and
agreements of Borrower herein contained, Borrower, in consideration of the indebtedness herein recited and the trust
herein created, irrevocably grants and conveys to Trustee, in trust with power of sale, the following described property
located in the County of __RIVERSIDE__                                        State of California:

CONTINUED ON EXHIBIT A-LEGAL DESCRIPTION

which has the address of __13003 EMPTY SADDLE COURT,__                              __CORONA__
                                        (Street)                                          (City)

California __92883__ _____ (herein "Property Address");
              (Zip Code)

*STSZ4S6F3M3600T8066CA00604010*SMITH                    *                    ORIGINAL

(Page 2 of 8)

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property;"

TO SECURE to Lender the repayment of (1) the indebtedness evidenced by the Note, with interest thereon, including any increases if the contract rate is variable; (2) all present and future advances under the Revolving Loan Agreement; (3) the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and (4) the performance of the covenants and agreements of Borrower herein contained; and (5) the payment of such further sums as the then record owner of the Property hereafter may borrower from Lender, when evidenced by another note (or notes) reciting it is so secured.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest (including any variations in interest resulting from changes in the contract rate that may be specified in the Note) on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 2. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 12. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the loan current. Lender may accept any payment or partial payment insufficient to bring the loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each periodic payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. Funds for Escrow Items. Borrower shall pay to Lender on the day periodic payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any. These items are called "Escrow Items." At origination or at any time during the term of the loan, Lender may require that community association dues, fees, and assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in

02-12-07 DOT                                                                          CA006042

*5732456F3MG900T9900CA0050420**3M1TH          *          ORIGINAL

(Page 3 of 8)

this Security Instrument, as the phrase "covenant and agreement" is used in Section 7. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 12 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 2.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this security instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the loan does not qualify as a "federally related mortgage loan" under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

3. Application of Payments or Proceeds. Except as otherwise described in this Section 3 or as may be required by the Note and/or applicable law, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amount due under Section 2. Such payments shall be applied to each periodic payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent periodic payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one periodic payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the periodic payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more periodic payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or miscellaneous proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the periodic payments.

4. Prior Mortgages and Deeds of Trust; Charges; Liens. Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. Hazard Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require and in



07-12-07 DOT                       *5732458F2MB8DOT8000CA0080430**SMITH            *           ORIGINAL

(Page 4 of 8)

such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by the Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments. Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. Protection of Lender's Security. If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Where the original principal amount of the Note then in effect is $10,000 or more, any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. Inspection. Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

10. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 15 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

02-12-07 007                      *ST32458F3N9800T8000CA0080440*SMITH*             ORIGINAL                    CA000404

(Page 5 of 8)

12. Notice. Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. Governing Law; Severability. The applicable law contained in the Note shall control. Where no applicable law is contained therein, the state and local laws of the jurisdiction in which the Property is located shall be applicable to this Deed of Trust, except where such laws conflict with Federal law in which case Federal law shall apply. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses," and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. Rehabilitation Loan Agreement. Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

15. Transfer of the Property; Assumption. If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) The creation of a lien or encumbrance subordinate to this Deed of Trust which does not relate to a transfer of rights of occupancy in the property: Provided, that such lien or encumbrance is not created pursuant to a contract for deed; (b) The creation of a purchase money security interest for household appliances; (c) A transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety; (d) the granting of a leasehold interest which has a term of three years or less and which does not contain an option to purchase; (e) A transfer, in which the transferee is a person who occupies or will occupy the property, which is (A) a transfer to a relative resulting from the death of the Borrower; (B) a transfer where the spouse or child(ren) becomes an owner of the property; or (C) a transfer resulting from a decree of dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement by which the spouse becomes an owner of the property; or (f) A transfer into an inter vivos trust in which the Borrower is a; and remains, the beneficiary and occupant of the property, unless, as a condition precedent to such transfer, the Borrower refuses to provide the Lender with reasonable means acceptable to the Lender by which the Lender will be assured of timely notice of any subsequent transfer of the beneficial interest or change in occupancy; Lender may, at Lender's option, declare all sums secured by this Deed of Trust to be immediately due and payable. Lender shall have waived such option to accelerate if, prior to the sale or transfer, Lender and the person to whom the Property is sold or transferred reach an agreement in writing that the credit of such person is satisfactory to Lender and that the interest payable on the sums secured by this Deed of Trust shall be at such rate as Lender shall request. Borrower shall cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 12 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by Paragraph 16 hereof.

16. Acceleration; Remedies. Except as provided in paragraph 15 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 16 including but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on

02-12-07 00T

*ST3245*F*3498DDTBODDCADOD0*4SD**SMITH*                                    ORIGINAL

(Page 6 of 8)

Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statement made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

17. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time within three months of the recording of default under this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 16 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

18. Assignment of Rents; Appointment of Receiver; Lender in Possession. As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 16 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 16 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

19. Reconveyance. Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall, upon payment of its fees, reconvey the Property without warranty to the person or persons legally entitled thereto.

20. Substitute Trustee. Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

21. Request for Notices. Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924b of the Civil Code of California.

22. Statement of Obligation. Lender may collect a fee not to exceed $60 for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

23. Arbitration Rider to Note. The Arbitration Rider attached to and made a part of the Note is hereby incorporated by reference and made a part of this Mortgage.

02-12-07 00T



*S73245SF3M36OOT8000CA00804S0**SMITH          x                                    ORIGINAL                    CA00804S

From:                                          04/09/20.. 14:48    #537 P.018/022

(Page 7 of 8)

Request for notice of default and foreclosure under superior Mortgages or Deeds of Trust. Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust of any default under the superior encumbrance of any sale or other foreclosure action.



ANDREW L. SMITH                                           Borrower

JUDY A. SMITH                                             Borrower

State of   ) California
County of RIVERSIDE )

On 3/23/2007 _____ before me, ( DIANA GONZALES _____ ), a Notary
Public, personally appeared ANDREW L. SMITH AND JUDY A. SMITH _____

_____
_____
_____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.
Signature _____ (Seal)

[Notary Seal: DIANA GONZALES, Commission # 1552988, Notary Public - California, Riverside County, My Comm. Expires Mar 17, 2009]

State of   ) California
County of _____ )

On_____before me, (_____ ), a Notary
Public, personally appeared_____

_____
_____
_____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal
Signature:_____ (Seal)

02-12-07 DOT                                              CA000047

[barcode] *3732456F3d6SDOTS650CA0080470**SMITH*              ORIGINAL

(Page 8 of 8)

Title Order No. _____        Escrow Loan No. _____



02-12-07 DOT                                                                CA0004048



From:

EXHIBIT A (PAGE 1)

ALL THE REAL PROPERTY SITUATE IN THE COUNTY OF RIVERSIDE,
STATE OF CALIFORNIA, DESCRIBED AS:

LOT 197 OF TRACT NO. 23090, AS SHOWN BY MAP ON FILE IN BOOK
200, PAGES 99 THROUGH 109 OF MAPS, RECORDS OF RIVERSIDE
COUNTY, CALIFORNIA.    TAX MAP OR PARCEL ID NO.: 391-352-009-4

*U732450F3A4500T9000CA0088400**SMITH                  M                                    ORIGINAL

Andrew L. Smith & Judith A. Smith, In Pro Per
13003 Empty Saddle Court
Corona, CA  92883
Telephone No.:  (951) 532-3742



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 0 9 2010

R. Mc Elyea

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:
Judith A. Smith
13003 Empty Saddle Court
Corona, CA  92883

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

ANDREW L. SMITH AND
JUDITH A. SMITH

     Plaintiffs,

    vs.

BENEFICIAL HSBC GROUP
(DOES 1 – 20, Inclusive)

    Defendant.

Case No.:  RIC 10004427

NOTICE OF PENDENCY OF ACTION

NOTICE OF PENDENCY OF ACTION - 1

1    To the Clerk of the Superior Court of said County:

2         You are hereby notified that on the 9th day of March, 2010, suit was instituted by the

3    Plaintiff in the above captioned and styled case in the Superior Court Of The State of California,

4    Riverside County.  The following described real estate situated in Riverside County, 13003

5    Empty Saddle Ct., Corona, California 92883, is involved in said suit, to-wit:

6         The nature of the right and interest is sought to be enforced as follows:

7    Plaintiffs bring this action to confirm title, and thus remove clouds from the title as negotiation

8    was pending with Beneficial HSBC Group, and Andrew & Judith Smith to compel Defendant to

9    convey legal title back to the Plaintiffs for the above-mentioned property as the Plaintiffs have

10   interest in property. Therefore, the Defendant holds the interest in trust for the benefit of the

11   Plaintiffs and should retain his property.

12        The real property affected by the action is located in Riverside County, California, and is

13   described and the legal description of property is hereto attached as Exhibit A.

14

15   WITNESS MY SIGNATURE this is the 9th day of March, 2010.

16

17                                        Respectfully submitted,

18

19

20                                        Andrew L. Smith
                                          In Pro Per

21

22

23                                        Judith A. Smith
                                          In Pro Per

24

25

26

27

28


                              NOTICE OF PENDENCY OF ACTION - 2

# EXHIBIT 2

1   Andrew L. Smith & Judith A. Smith, In Pro Per
2   13003 Empty Saddle Court
    Corona, CA 92883
3   Telephone No.: (951) 532-3742

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
MAR 09 2010
R. Mc Elyea

ME

4

5

6               SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                        COUNTY OF RIVERSIDE

8   ANDREW L. SMITH AND          )     CASE NO.: RIC 10004427
9   JUDITH A. SMITH              )
         Plaintiffs,             )
10                               )     COMPLAINT FOR QUIET TITLE:
                                 )     FIRST CAUSE OF ACTION:
11                               )     NEGLIGENCE; SECOND CAUSE
                                 )     OF ACTION: VIOLATION OF
12                               )     TRUTH IN LENDING ACT-15 U.S.C. §
                                 )     1601 ET SEQ.; THIRD CAUSE OF
13                               )     ACTION: UNFAIR BUSINESS
                                 )     PRACTICES-CALIFORNIA
14          vs.                  )     BUSINESS & PROFESSIONS CODE
                                 )     §17200
15                               )
                                 )
16                               )
                                 )
17                               )
    BENEFICIAL HSBC GROUP        )
18  (DOES 1 – 20, Inclusive)     )
         Defendant               )     UNLIMITED JURISDICTION
19                               )

20  ------------------------------------

21
22  COMES NOW, Plaintiffs ANDREW L. SMITH and JUDITH A. SMITH allege and complain as
23  follows:

24
                        PRELIMINARY ALLEGATIONS
25
26  1.  Plaintiffs are and all times mentioned herein was individuals who reside in the County of
        Riverside, California.

27  2.  Defendant Beneficial HSBC Group is and all times mentioned, is a corporation and has a
28      mailing address at 636 Grand Regency Blvd., 3rd Floor, Brandon, FL 33510.


                              COMPLAINT-1-

3. Plaintiff is ignorant of the true names and capacities of Defendant sued herein as DOES 1 through 20, inclusive, and therefore sue the Defendant by such fictitious names.

4. Plaintiff is informed and believes and therein alleges that at all times herein mentioned, each of the Defendants sued herein was the agent and employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment.

5. The real property is located at 13003 Empty Saddle Ct., Corona, California  92883-6306.

**FIRST CAUSE OF ACTION**
**(NEGLIGENCE)**

6. The amount of the loan for the real property located at 13003 Empty Saddle Ct., Corona, California 92883-6306 was $403,132.53 dated March 23, 2007.

7. Beginning on or about March 16, 2010, Defendant wrongfully and unlawfully attempted to sell real property.

8. Defendant negligently failed to perform a loan modification on behalf of Plaintiffs and have caused irreparable damages to Plaintiffs.

9. As a result of Defendant's negligence, Plaintiffs attempted to save property in negotiations with Defendant.  Plaintiffs were fraudulently taken advantage of in unfair business dealings with Defendant.

10. As an example of good faith and good cause, Plaintiffs have previously made payments to Defendant.

11. Plaintiffs are still the owners and thus entitled to possession of the property located at 13003 Empty Saddle Ct., Corona, CA  93551-6236.  Attached here to as Exhibit "A" is the Grant Deed.

12. On March 23, 2007 a Deed of Trust was secured in the amount of $372,184.44 in order to purchase the real property.  The Deed of Trust identifies the originating lender as Beneficial California Inc., Trustee as Stewart Title Guaranty, and the Beneficiary as Beneficial California Inc.  Attached hereto as Exhibit "B" is the Deed of Trust.

13. On or about June 23, 2009, and a number of times since then, Plaintiffs have demanded that Defendants stop their wrongful conduct described above.  Defendant has refused and still refuses to refrain from their wrongful conduct.

14. The Defendant's wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiffs.  Plaintiffs would be without a home with no place to live.

15. Plaintiff therefore seek a declaration that the title to the subject property is vested in Plaintiff alone and that the Defendant herein, and each of them, be declared to have no estate, right, title, or interest in the subject property and that said Defendant, and each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to Plaintiff herein.

16. Plaintiff is informed and believes and thereupon alleges that Defendant and each of them claim an interest in the property adverse to Plaintiff herein. However, the claim of said Defendant is any right whatsoever, and said Defendant has not legal or equitable right, claim, or interest in said property.

17. As a result of Defendant's wrongful conduct, Plaintiffs have been damaged in the amount of the loan.

### SECOND CAUSE OF ACTION
### (VIOLATION OF TRUTH IN LENDING ACT-15 U.S.C. §1601 ET SEQ.)

18. The loan transaction at issue is a consumer credit transaction subject to the provisions of TILA.

19. Defendant is a "creditors" as the term is defined by 15 U.S.C. §1602. The transaction between Plaintiffs and Defendant was a consumer loan transaction wherein the Defendant extended credit to the Plaintiffs and such credit was secured by an interest purportedly held by the Defendant in the property.

20. As a consumer credit transaction, the Defendant was required to provide the Plaintiffs mandatory truth-in-lending disclosure statements and notice of the borrower's right to rescind, specifying the date on which the three-day rescission period expires. If the lending institution fails to provide the rescission information, the borrower may rescind the loan within three years after it was consummated. 15 U.S.C. §1635 (a) and (f); 12 cfr &226.23(b) (5).

21. In the course of this transaction described herein, Defendant violated TILA in numerous ways, including, but not limited to: failing to provide required disclosures clearly and conspicuously in writing; failing to timely deliver to Plaintiffs certain notices required by statute; placing terms prohibited by statute into the transaction; and failing to disclose all finance charge details and the annual percentage rate based upon properly calculated and disclosed finance charges and amounts financed.

22. Records from the transaction indicate that Defendant extended credit to the Plaintiffs without regard for his ability to pay, and even falsified relevant income and asset date at get the loan approved. Plaintiffs are informed and believes that thereon alleges that Defendant has a pattern and practice of extending credit to consumers under high rate mortgages without regard to the consumers' repayment ability.